IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :       Chapter 7
                                                            :
EVERGREEN AVIATION GROUND                                   :       Case No. 13-13361 (MFW)
LOGISTICS ENTERPRISE, INC.                                  :
                                                            :
                                                            :
             Debtor.                                        :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :       Chapter 7
                                                            :
EVERGREEN DEFENSE & SECURITY                                :       Case No. 13-13362 (MFW)
SERVICES, INC.                                              :
                                                            :
                                                            :
             Debtor.                                        :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :       Chapter 7
                                                            :
EVERGREEN INTERNATIONAL                                     :       Case No. 13-13363 (MFW)
AIRLINES, INC.                                              :
                                                            :
                                                            :
             Debtor.                                        :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :       Chapter 7
                                                            :
EVERGREEN INTERNATIONAL                                     :       Case No. 13-13364 (MFW)
AVIATION, INC.                                              :
                                                            :
                                                            :
             Debtor.                                        :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :

| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN SYSTEMS LOGISTICS, INC. | : | Case No. 13-13365 (MFW) |
| | : | |
| | : | |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN TRADE INC. | : | Case No. 13-13366 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| SUPERTANKER SERVICES, INC. | : | Case No. 13-13367 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Evergreen Aviation Ground Logistics Enterprise, Inc., Evergreen Defense & Security Services, Inc., Evergreen International Airlines, Inc., Evergreen International Aviation, Inc., Evergreen Systems Logistics, Inc., Evergreen Trade Inc. and Supertanker Services, Inc. (collectively, the "Debtors" ) with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "*Schedules*") and Statements of Financial Affairs (the "*Statements*, and together with the Schedules, the "*Schedules and Statements*") with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"), pursuant to section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "*Global Notes*") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The Schedules and Statements have been signed by the following members of the Debtors' senior management:

1.      Evergreen Aviation Ground Logistics Enterprise, Inc. – Samuel Wright, President

2.      Evergreen Defense & Security Services, Inc. – Ryan Smith, Chief Financial Officer and Treasurer

3.      Evergreen International Airlines, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

4.      Evergreen International Aviation, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

5.      Evergreen Systems Logistics, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

6.      Evergreen Trade, Inc. - Michael A. Hines, President

7.      Supertanker Services, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

These individuals have relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors, and they have not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.      **Reservation of Rights**.  Reasonable best efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("***Claim***") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 7 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, Schedule B, Schedule F or Statement 3(c)) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.

2.      **Description of Cases and "as of" Information Date**.  On December 31, 2013 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

**The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of November 30, 2013, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of December 30, 2013.**

3.      **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of November 30, 2013, in the Debtors' books and records.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes do not appear in the Schedules and Statements as they have no net book value.  The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

4.     **Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.     **Intercompany and Other Transfers**.  For certain reporting and internal accounting purposes, the Debtors record certain intercompany receivables and payables.  Receivables and payables among the Debtors are reported as assets on Schedule B or liabilities on Schedule F as appropriate (collectively, the "Intercompany Claims").  Intercompany Claims are reported as of November 30, 2013 and any intercompany transfers of proceeds from the sale of assets that occurred subsequent to this date are not reflected in the Intercompany Claims. While the Debtors have used commercially reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, the Debtors and their estates reserve all rights to amend the Intercompany Claims in the Schedules and Statements, including, without limitation, to change the characterization, classification, categorization or designation of such claims, including, but not limited to, the right to assert that any or all Intercompany Claims are, in fact, consolidated or otherwise properly assets or liabilities of a different Debtor entity.  Although separate Schedules and Statements have been prepared and filed for each of the Debtors, certain of the information set forth in the Schedules and Statements has been prepared on a consolidated basis.  As a result, the Schedules and Statements do not reflect all intercompany activity.

6.     **Real Property and Personal Property–Leased**.  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including vehicles, fixtures, and equipment, from certain third-party lessors.  The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements.  The Debtors have made reasonable efforts to include lease payments on Schedule D (secured debt) to the extent the lessor filed a UCC-1.  However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

7.     **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

8.     **Insiders**.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) equity holders holding in excess of 5% of the voting securities the Debtor entities; (c) Debtor/non-Debtor affiliates; and (d) relatives of any of the foregoing (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

9. **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or by an affiliate. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

10. **Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Moreover, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

11. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

12. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

13. **Claims Description**. Schedules D, E, and F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or

"unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

14. **Causes of Action**. Despite their reasonable best efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "***Causes of Action***") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

15. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.    <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Estimates and Assumptions**. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual results could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**17.**     **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**18.**     **Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

**19.**     **Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

<b>Specific Disclosures with Respect to the Debtors' Schedules</b>

**Schedule A**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation unless otherwise noted.  This amount may be materially different from the fair market value of such real estate.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B**.  All values set forth in Schedule B reflect the book value of the Debtors' assets as of November 30, 2013 unless otherwise noted below.

> **Schedule B2**.  Cash values held in financial accounts are listed on Schedule B2 as of December 30, 2013.

> **Schedule B9**.  The Debtors maintain certain insurance policies.  The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors.  The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicles, workers' compensation, general liability, employer's practice liabilities and director and officer liability.

> **Schedules B18 and B21**.  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

> **Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedule B22**.  Patents, Trademarks, and other Intellectual Property listed in Schedules B22 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.  Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**.  The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve their right to dispute the priority status of any claim on any basis. In addition to the claims listed on Schedule E, certain employees may also hold claims against the Debtors unpaid vacation time.  Employee addresses have been intentionally omitted because of privacy concerns.

**Schedule F**.  The Debtors have used best reasonable best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.

The Claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

The Debtors expressly incorporate by reference into Schedule F all parties to pending litigation listed in 4(a) of the Debtors' Statements as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**.  Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition debt facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

**Specific Disclosures with Respect to the Debtors' Statements**

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to statutory employees. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement

information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c**.  Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable.  In the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "***Intercompany Claims***").  With respect to Intercompany Claims between Debtors, Statement 3c reflects the book value adjustment by month of such transfers rather than an actual transfer of funds from one Debtor entity to another.

**Statement 4a**.  Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum.  Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 5**.  Statement 5 excludes goods returned in the ordinary course of business.

**Statement 8**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 13**.  The Debtors routinely incur certain setoffs in the ordinary course of business.  Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for when, and as such, are excluded from the Schedules and Statements.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

The Debtors, their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

In re:  Evergreen Aviation Ground Logistics Enterprise, Inc.

Case No. 13-13361
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $23,727,000.00 | YTD 2014 (3/1/2013 - 11/30/2013) |
| $44,193,000.00 | FY 2013 (3/1/2012 - 2/28/2013) |
| $51,679,000.00 | FY 2012 (3/1/2011 - 2/29/2012) |

---

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

---

## 3. Payments to creditors

None  a.  Individual or joint debtor(s) with primary consumer debts:  List all payments on loans, installment purchases of goods or
☑      services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the
       commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or
       both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None  b.  Debtor whose debts are not primary consumer debts:  List each payment or other transfer to any creditor made within 90
☐      days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is
       affected by such transfer is not less than $5,850. (Married debtors filing under chapter 12 or chapter 13 must include
       payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
       petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

SEE ATTACHED EXHIBIT 3B

None  c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the
☐      benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include
       payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
       petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

SEE ATTACHED EXHIBIT 3C

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None  a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding
☐      the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information
       concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
       petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| DIVLEND EQUIPMENT LEASING, L.L.C. V. EVERGREEN HELICOPTERS, INC., EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC., EVERGREEN INTERNATIONAL AVIATION, INC., AND DELFORD M. SMITH 2012504749 | CIVIL LITIGATION | 99TH DISTRICT COURT - LUBBOCK COUNTY, TEXAS, TX | NOT ACTIVE |

| | | | |
|---|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, A DELAWARE CORPORATION; GC AIR, LLC., A DELAWARE LIMITED LIABILITY COMPANY; AND COLONIAL PACIFIC LEASING CORPORATION, A DELAWARE CORPORATION, PLAINTIFFS, V. EVERGREEN INTERNATIONAL AVIATION, INC., AN OREGON CORPORATIO | CIVIL LITIGATION | CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF YAMHILL | ACTIVE |
| GRILEY AIR FREIGHT PLAINTIFF VS. EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. 12CV00877 | CIVIL LITIGATION | CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF YAMHILL | NOT ACTIVE |
| DENNIS COZBY, PLAINTIFF, VS. EVERGREEN INTERNATIONAL AVIATION, INC., AN OREGON CORPORATION; AND EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC., A FOREIGN CORPORATION 130507766 | CIVIL LITIGATION | CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUTY OF MULTNOMAH | ACTIVE |
| STATE OF MISSOURI, EX REL SHEILA L. PALMER, PLATTE COUNTY COLLECTOR, RELATOR, VS. EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC., RESPONDENT. 13AECV02064 | CIVIL LITIGATION | IN THE ASSOCIATE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI | NOT ACTIVE TAX LITIGATION |
| ALOFISA TUPUOLA, PLAINTIFF, VS. EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC., JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LLCS 1-5; DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5; AND DOE GOVERNMENTAL AGENCIES 1-5, DEFENDANTS | CIVIL LITIGATION | IN THE CIRCUIT COURT OF THE FIRST CIRCUIT STATE OF HAWAII | ACTIVE |

| | | | |
|---|---|---|---|
| WORLD FUEL SERVICES, INC., PLAINTIFF, CASE NO. 13CV07910 V. SUMMONS DELFORD M. SMITH; EVERGREEN INTERNATIONAL AIRLINES, INC.; EVERGREEN INTERNATIONAL AVIATION, INC.; EVERGREEN VINTAGE AIRCRAFT, INC.; EVERGREEN HOLDINGS, INC.; EVERGREEN HELICOPTERS, INC.; | CIVIL LITIGATION | IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF YAMHILL | ACTIVE |
| TEXTILE GRAPHICS UNLIMITED, INC. REGISTERED AGENT: JEFFREY CHAPMAN PLAINTIFF, VS. EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. 13SC03364 | CIVIL LITIGATION | IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF YAMHILL - SMALL CLAIMS | NOT ACTIVE |
| REPUBLIC BANK, INC., A UTAH CORPORATION, AND MAZUMA CAPITAL CORP, A UTAH CORPORATION, PLAINTIFFS, VS. EVERGREEN INTERNATIONAL AVIATION, INC., AN OREGON CORPORATION, AND EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC., AN OREGON CORPORATION, DEFENDANT | CIVIL LITIGATION | IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAICE DEPARTMENT AND FOR SALT LAICE COUNTY, STATE OF UTAH | NOT ACTIVE |
| SPIRIT AIRPORT SERVICES, LLC VS. EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC. YC068056 | CIVIL LITIGATION | LOS ANGELES SUPERIOR COURT | NOT ACTIVE |
| RICARDO ESCOBAR, CLAIMANT VS. EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. ADJ8673673 | CIVIL LITIGATION | STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS WORKERS COPENSATION APPEALS BOARD | ACTIVE |

| | | | |
|---|---|---|---|
| GARY G. HOOD PLAINTIFF, - VS. MARTIN A. WILLIAMS, JEFFREY P. GEISLER, EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. AND EVERGREEN HOLDINGS, INC. DEFENDANTS. 49-D03 13 12 CT 043765 | CIVIL LITIGATION | STATE OF INDIANA IN THE MARION COURT | ACTIVE |
| FORTBRAND SERVICES, INC., PLAINTIFF VS. EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. AND EVERGREEN INTERNATIONAL AVIATION, INC., DEFENDANTS, 3284/13 | CIVIL LITIGATION | SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NASSAU | ACTIVE |
| UNITED AIR LINES, INC. PLAINTIFF, - AGAINST EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. DEFENDANT. 7031292012 | CIVIL LITIGATION | SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS | ACTIVE |
| CARIDAD GARCIA DOB: 12/21/48 SOCIAL SECURITY #: 614-**-8659 AKA: FILE: CLAIMANT/APPLICANT VS EVERGREEN EAGLE EMPLOYER/INSURANCE CARRIER/DEFENDANT AD32977694, ADJ8528311,ADJ8797221 | CIVIL LITIGATION | WORKERS COMPENSATION APPEALS BOARD - STATE OF CALIFORNIA | ACTIVE |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None ☑ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None ☑ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 10. Other transfers

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ☑ b. List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OR TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

## 11. Closed financial accounts

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| WELLS FARGO PO BOX 63020 SAN FRANCISCO, CA 94163 | EAGLE DISBURSEMENT ACCOUNT ACC NO XXX1130 | 12/13/2013 |
| WELLS FARGO PO BOX 63020 SAN FRANCISCO, CA 94163 | EAGLE PAYROLL ACCOUNT ACC NO XXX1163 | 12/13/2013 |
| WELLS FARGO PO BOX 63020 SAN FRANCISCO, CA 94163 | EAGLE COLLECTION ACCOUNT ACC NO XXX1155 | 12/13/2013 |
| WELLS FARGO PO BOX 63020 SAN FRANCISCO, CA 94163 | EAGLE WIRE ACCOUNT ACC NO XXX1148 | 12/13/2013 |

## 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None ☐

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 23703 AIR FREIGHT LANE CARGO BLDG 6 DULLES, VA 20166 | EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. | OCT 2005 - SEP 2011 |
| 2580 S 156TH ST. SEATTLE, WA 98158 | EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. | JUL 2002 - FEB 2012 |
| 427 VALLEY DRIVE BRISBANE, CA 94005 | EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. | AUG 2006 - SEP 2012 |
| 5330 NE COURIER CT PORTLAND, OR 97218 | EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. | OCT 2006 - SEP 2011 |
| 5720 AVION DR LOS ANGELES, CA 90045 | EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. | MAY 2009 - FEB 2013 |

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

**None** ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

**None** ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

**None** ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENT UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

**None** ☐ a If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case. If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case. If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR INDIVIDUAL TAXPAYER-ID NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| EVERGREEN DEFENSE & SECURITY SERVICES, INC. | 26-0760118 | 3850 THREE MILE LANE MCMINNVILLE, OR 97128 | DEFENSE AIRFREIGHT | 8/10/2007 - PRESENT |

None b    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C.
☑      § 101.

NAME                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is
or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,
managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited
partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined*
*above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six*
*years should go directly to the signature page.)*

### 19. Books, records and financial statements

None  a.   List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case
☐      kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                              DATE SERVICES RENDERED

CATHERINE STEFFENS                            CURRENT
3850 THREE MILE LANE
MCMINNVILLE, OR 97128

JAMES CONROY                                  4/03/2008 - 1/28/2011
3850 THREE MILE LANE
MCMINNVILLE, OR 97128

LACENE OSTLING                                2/23/2011 - 4/17/2012
3850 THREE MILE LANE
MCMINNVILLE, OR 97128

SVITLANA KRAYNIK                              5/01/2012 - 4/08/2013
3850 THREE MILE LANE
MCMINNVILLE, OR 97128

---

None  b.   List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have
☐      audited the books of account and records, or prepared a financial statement of the debtor.

NAME                  ADDRESS              DATE SERVICES RENDERED

GHP HORWATH, P.C.     1670 BROADWAY , STE 3000    2011 TO DATE
                      DENVER, COLORADO

---

None  c.   List all firms or individuals who at the time of the commencement of this case were in possession of the books of
☐      account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                  ADDRESS

CATHERINE STEFFENS    3850 THREE MILE LANE
                      MCMINNVILLE, OR 97128

RYAN M SMITH          3850 THREE MILE LANE
                      MCMINNVILLE, OR 97128

---

None  d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial
☐      statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                              DATE ISSUED

AIRCASTLE ADVISOR
300 FIRST STAMFORD PLACE, 5TH FLOOR
STAMFORD, CT, 06902

10/25/2013

AIRCASTLE ADVISOR
300 FIRST STAMFORD PLACE, 5TH FLOOR
STAMFORD, CT, 06902

8/27/2013

AIRCASTLE ADVISOR
300 FIRST STAMFORD PLACE, 5TH FLOOR
STAMFORD, CT, 06902

6/19/2013

AIRCASTLE ADVISOR
300 FIRST STAMFORD PLACE, 5TH FLOOR
STAMFORD, CT, 06902

6/7/2013

AIRCASTLE ADVISOR
300 FIRST STAMFORD PLACE, 5TH FLOOR
STAMFORD, CT, 06902

4/29/2013

ALTERNA CAPITAL
15 RIVER ROAD SUITE 320, WILTON
CONNECTICUT USA 06897

10/2/2013

ALTERNA CAPITAL
15 RIVER ROAD SUITE 320, WILTON
CONNECTICUT USA 06897

10/2/2013

ALVAREZ & MARSAL
600 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10022

3/19/2013

CBRE
1420 5TH AVENUE, SUITE 1720
SEATTLE, WA, 98101

6/11/2013

CENTRE LANE PARTNERS
60 EAST 42ND STREET, SUITE 1400
NEW YORK, NY  10165

5/7/2013

CHEM OIL
200 EAST LAS OLAS BLVD.
FT. LAUDERDALE, FL 33301

6/12/2013

COLUMBIA BANK
FOX TOWER, 805 SW BROADWAY, SUITE 2700
PORTLAND, OR 97205

6/4/2013

CYPRESS FINANCIAL CORPORATION
188 THE EMBARCADERO, SUITE 420
SAN FRANCISCO, CA 94105

4/2/2013

CYPRESS FINANCIAL CORPORATION
188 THE EMBARCADERO, SUITE 420
SAN FRANCISCO, CA 94105

10/2/2013

DEPARTMENT OF DEFENSE
AMC/A3B, 402 SCOTT DRIVE UNIT 3A1
SCOTT AFB ILLINOIS 62225

11/21/2013

DEPARTMENT OF DEFENSE
AMC/A3B, 402 SCOTT DRIVE UNIT 3A1
SCOTT AFB ILLINOIS 62225

9/24/2013

DEPARTMENT OF DEFENSE
AMC/A3B, 402 SCOTT DRIVE UNIT 3A1
SCOTT AFB ILLINOIS 62225
8/13/2013

DEPARTMENT OF DEFENSE
AMC/A3B, 402 SCOTT DRIVE UNIT 3A1
SCOTT AFB ILLINOIS 62225
5/6/2013

DEPARTMENT OF DEFENSE
AMC/A3B, 402 SCOTT DRIVE UNIT 3A1
SCOTT AFB ILLINOIS 62225
10/21/2013

DEPARTMENT OF DEFENSE
AMC/A3B, 402 SCOTT DRIVE UNIT 3A1
SCOTT AFB ILLINOIS 62225
8/19/2013

EPIQ SYSTEMS
757 THIRD AVE
NEW YORK NY 10019
12/5/2013

F&M BANK
3811 TURTLE CREEK BLVD, STE 1700
DALLAS, TX 75219
6/25/2013

F&M BANK
3811 TURTLE CREEK BLVD, STE 1700
DALLAS, TX 75219
6/10/2013

FTI CONSULTING
3 TIMES SQUARE, 10TH FLOOR
NEW YORK, NY, 10036
11/22/2013

FTI CONSULTING
3 TIMES SQUARE, 10TH FLOOR
NEW YORK, NY, 10036
11/7/2013

GHP HORWATH
1670 BROADWAY, SUITE 3000
DENVER, CO, 80202
3/26/2013

HOBART LINZER
12100 WILSHIRE BLVD, SUITE 1275
LOS ANGELES, CA, 90025
4/9/2013

NXT CAPITAL
191 NORTH WACKER DRIVE, SUITE 1200
CHICAGO, ILLINOIS 60606
5/31/2013

NXT CAPITAL
191 NORTH WACKER DRIVE, SUITE 1200
CHICAGO, ILLINOIS 60606
6/6/2013

PACIFIC WESTERN EQUIPMENT FINANCE
6975 UNION PARK CENTER, SUITE 200
COTTONWOOD HEIGHTS, UT 84047
6/11/2013

PILLSBURY LAW
725 SOUTH FIGUEROA STREET, SUITE 2800
LOS ANGELES, CA 90017-5406
5/6/2013

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
12/18/2013

UMPQUA BANK                                          8/30/2013
1790 GARDEN VALLEY BLVD
ROSEBURG, OR 97471

WORLD FUEL SERVICES                                  8/16/2013
9800 NW 41ST STREET, SUITE 400
MIAMI, FL 33178

---

**20. Inventories**

None ☐   a.   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specific cost, market or other basis) |
|---|---|---|
| 10/31/2013 | CATHERINE STEFFENS | $130,944.42 |
| 10/31/2012 | LANA KRAYNIK | $223,082.60 |

---

None ☐   b.   List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| 10/31/2013 | CATHERINE STEFFENS<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 |
| 10/31/2012 | LANA KRAYNIK<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 |

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☑   a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

---

None ☐   b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| SAMUEL W WRIGHT<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | PRESIDENT AND DIRECTOR | N/A |
| ANDREA AVOLIO<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | SECRETARY | N/A |
| MICHAEL A HINES<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | CHAIRMAN OF BOARD | N/A |

| | | |
|---|---|---|
| DELFORD M SMITH<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | DIRECTOR | N/A |
| EVERGREEN INTERNATIONAL<br>AVIATION, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | PARENT<br>CORPORATION | 100% |

## 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| BLYTHE BERSELLI<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | DIRECTOR | 11/29/2013 |
| JOHN IRWIN<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | VP FINANCE &<br>DIRECTOR | 11/21/2013 |
| TIM WAHLBERG<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | DIRECTOR & CHAIRMAN<br>OF THE BOARD | 2/22/2013 |

## 23. Withdrawals from a partnership or distributions by a corporation

None ☐ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF<br>RECIPIENT, RELATIONSHIP<br>TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY OR<br>DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| SEE ATTACHED EXHIBIT 3C | | |

## 24. Tax Consolidation Group

None ☐ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| EVERGREEN HOLDINGS, INC. | 91-1797880 |

## 25. Pension Funds

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature of Debtor    _____

Date _____    Signature of Joint Debtor (if any)    _____

---

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date <u>January 17, 2014</u>    Signature <u>/s/ Samuel W Wright</u>

Print Name and Title    <u>Samuel W Wright</u>
<u>President</u>

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

# EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC.

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| ACS, INC | 170683 | 10/10/2013 | $11,200.00 |
| 411 S. GOVERNOR PRINTZ BLVD. | WIRE | 11/30/2013 | $1,750.00 |
| LESTER, PA 191029 | WIRE | 11/30/2013 | $2,800.00 |
| | WIRE | 11/30/2013 | $2,450.00 |
| | WIRE | 11/30/2013 | $2,450.00 |
| | 2506 | 12/12/2013 | $5,000.00 |
| | 2526 | 12/20/2013 | $5,000.00 |
| | | | **$30,650.00** |
| ADP, INC | 170743 | 10/22/2013 | $11,659.42 |
| PO BOX 842875 | | | |
| BOSTON, MA 02284-2875 | | | **$11,659.42** |
| AERO MILWAUKEE, LLC (MKE) | 170771 | 10/17/2013 | $3,683.12 |
| 62101 COLLECTIONS CENTER DR | 170923 | 12/03/2013 | $7,366.24 |
| CHICAGO, IL 60693-0621 | | | |
| | | | **$11,049.36** |
| AMB/AFCO CARGO (DFW) | 170664 | 10/07/2013 | $37,648.08 |
| PO BOX 6156 | 20131029 | 10/29/2013 | $37,647.93 |
| HICKSVILLE, NY 11802-6156 | | | |
| | | | **$75,296.01** |
| ASIG (HNL) | 170661 | 10/04/2013 | $6,514.26 |
| PO BOX 402458 | | | |
| ATLANTA, GA 30384-2458 | | | **$6,514.26** |
| BENT CARYL & KROLL | 170675 | 11/01/2013 | $10,000.00 |
| 6300 WHISHIRE BLVD. STE 1415 | | | |
| LOS ANGLES, CA 90048 | | | **$10,000.00** |
| BV OIL COMPANY | 170634 | 10/07/2013 | $8,992.69 |
| PO BOX 667568 | 170707 | 10/17/2013 | $3,379.58 |
| DORAL, FL 33166 | 170779 | 10/29/2013 | $7,000.00 |
| | 170893 | 11/20/2013 | $5,000.00 |
| | 170931 | 12/11/2013 | $7,000.00 |
| | WIRE | 12/13/2013 | $7,000.00 |
| | | | **$38,372.27** |
| CORE TRANSPORT TECHNOLOGIES, INC | WIRE | 11/30/2013 | $12,000.00 |
| 37 N. ORANGE AVE, STE 500 | WIRE | 12/06/2013 | $14,790.00 |
| ORLANDO, FL 32801 | WIRE | 12/06/2013 | $19,740.00 |
| | | | **$46,530.00** |
| DADE COUNTY AVIATION DEPT | 170686 | 10/08/2013 | $21,607.12 |
| PO BOX 526624 | 170797 | 10/25/2013 | $6,521.35 |
| MIAMI, FL 33152 | 170824 | 11/12/2013 | $11,745.66 |
| | | | **$39,874.13** |
| J&J FREIGHT | 170790 | 10/30/2013 | $10,000.00 |
| J&J INTERNATIONAL LLC | 170859 | 11/13/2013 | $2,000.00 |
| 150-18 132 ND AVE | 170936 | 12/10/2013 | $12,000.00 |
| JAMAICA, NY 11434 | | | |
| | | | **$24,000.00** |

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| JFK INTERNATIONAL AIR TERMINAL | 170658 | 10/09/2013 | $17,484.18 |
| TERMINAL 4, ROOM 161.022 | 170659 | 10/09/2013 | $10,812.56 |
| JFK INT'L AIRPORT | 170770 | 10/22/2013 | $17,484.18 |
| JAMAICA, NY  11430 | 20131017 | 10/28/2013 | $5,744.40 |
| | 170886 | 11/20/2013 | $30,000.00 |
| | WIRE | 11/30/2013 | $17,484.18 |
| | WIRE | 11/30/2013 | $9,396.60 |
| | 2522 | 12/20/2013 | $10,275.78 |
| | | | **$118,681.88** |
| MIAMI DADE AVIATION DEPARTMENT | 170902 | 12/02/2013 | $43,662.81 |
| BLDG 5A, STE 300 | | | |
| MIAMI, FL  33166 | | | **$43,662.81** |
| MIAMI-DADE METROPOLITAN (MIA RENT) | 170687 | 10/08/2013 | $53,916.56 |
| PO BOX 526624 | 170724 | 10/15/2013 | $8,766.09 |
| MIAMI, FL  33152-6624 | 170809 | 10/31/2013 | $5,000.00 |
| | | | **$67,682.65** |
| MINNEAPOLIS-ST PAUL METRO | 170663 | 10/04/2013 | $32,470.02 |
| METROPOLITAN AIRPORTS COMM. | 170668 | 10/15/2013 | $23,132.48 |
| 6040 28TH AVE S. | 170818 | 11/04/2013 | $39,552.73 |
| MINNEAPOLIS, MN  55450 | | | |
| | | | **$95,155.23** |
| NAPA  AUTO PARTS | 170704 | 10/11/2013 | $2,280.55 |
| 5959 COLLECTION CENTER DR | 170722 | 10/15/2013 | $1,208.61 |
| CHICAGO, IL  60693 | 170727 | 10/15/2013 | $2,590.95 |
| | 170802 | 10/29/2013 | $2,500.00 |
| | 170828 | 11/05/2013 | $3,211.88 |
| | 170847 | 11/12/2013 | $82.23 |
| | 170848 | 11/12/2013 | $302.41 |
| | 170849 | 11/12/2013 | $528.66 |
| | 170850 | 11/12/2013 | $587.64 |
| | 170891 | 11/19/2013 | $696.76 |
| | 170894 | 11/22/2013 | $1,456.69 |
| | 170895 | 11/22/2013 | $1,057.08 |
| | 170896 | 11/22/2013 | $394.75 |
| | 170897 | 11/22/2013 | $996.11 |
| | 170898 | 11/22/2013 | $151.70 |
| | 170899 | 11/22/2013 | $1,025.12 |
| | 170900 | 11/22/2013 | $445.31 |
| | 170938 | 12/06/2013 | $730.11 |
| | 170939 | 12/06/2013 | $433.86 |
| | 2514 | 12/12/2013 | $188.81 |
| | 2504 | 12/19/2013 | $198.00 |
| | 2516 | 12/19/2013 | $1,462.58 |
| | 2517 | 12/19/2013 | $1,166.45 |
| | 2518 | 12/19/2013 | $951.10 |
| | | | **$24,647.36** |

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| NEW YORK STATE SALES TAX | 170912 | 12/04/2013 | $11,818.80 |
| NYS SALES TAX PROCESSING | | | |
| PO BOX 15168 | | | **$11,818.80** |
| ALBANY, NY  12212-5168 | | | |
| OSCO INC | 170762 | 10/17/2013 | $5,265.44 |
| PO BOX 70 | 170794 | 10/29/2013 | $4,500.00 |
| LEMONT, IL  60439-0070 | 170863 | 11/13/2013 | $8,000.00 |
| | | | **$17,765.44** |
| PACIFIC INSURANCE PARTNERS | 2512 | 12/10/2013 | $3,049.00 |
| PO BOX 327 | 2523 | 12/20/2013 | $11,992.06 |
| FOREST GROVE, OR  97116 | | | |
| | | | **$15,041.06** |
| PECO (PHL) | 170919 | 12/03/2013 | $7,246.85 |
| 3201 MARKET ST  N3-1 | | | |
| PO BOX 8699 | | | **$7,246.85** |
| PHILADELPHIA, PA  19101-8699 | | | |
| PORT AUTHORITY OF NY & NJ | 170767 | 10/16/2013 | $2,550.00 |
| PO BOX 95000 | 170822 | 11/04/2013 | $12,376.67 |
| PHILADELPHIA, PA  19195-1517 | | | |
| | | | **$14,926.67** |
| QUICK FUEL FLEET | 170677 | 10/23/2013 | $7,958.98 |
| BOX 88249 | 170821 | 11/05/2013 | $6,156.80 |
| MILWAUKEE, WI  53288-0249 | 170892 | 11/21/2013 | $5,000.00 |
| | | | **$19,115.78** |
| RELIABLE TRANSPORT SOLUTIONS | 170639 | 10/04/2013 | $4,045.00 |
| 346 NE QUIMBY AVE STE 102 | 170679 | 10/09/2013 | $7,300.00 |
| BEND, OR  97701 | | | |
| | | | **$11,345.00** |
| ROYAL PETROLEUM (PHL) | 20131021 | 10/28/2013 | $7,676.49 |
| PO BOX 16846 | | | |
| PHILADELPHIA, PA  19142 | | | **$7,676.49** |
| SAGE PARTS | 170642 | 10/07/2013 | $1,092.44 |
| 25 DUBON COURT | 170725 | 10/15/2013 | $3,793.81 |
| FARMINGDALE, NY  11735 | 170869 | 11/12/2013 | $764.93 |
| | 170929 | 12/02/2013 | $8,248.21 |
| | | | **$13,899.39** |
| SANDHU RENTALS | 170763 | 10/18/2013 | $4,000.00 |
| 2538 SO. UNION AVE | 2513 | 12/18/2013 | $4,000.00 |
| BAKERSFIELD, CA  93307 | | | |
| | | | **$8,000.00** |
| SCRUB | 170670 | 10/10/2013 | $9,918.00 |
| 6033 N. MILWAUKEE AVE | 170748 | 10/21/2013 | $7,524.00 |
| CHICAGO, IL  60646 | | | |
| | | | **$17,442.00** |
| STATE OF HAWAII (HNL RENT) | 170742 | 10/21/2013 | $6,189.77 |
| DOT DIV--#71985-01 | 2528 | 12/20/2013 | $15,002.75 |
| 400 RODGERS BLVD  STE 700 | | | |
| HONOLULU, HI  96819-1880 | | | **$21,192.52** |

**EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC.**

| Claimant | Check Number | Check Date | Check Amount |
|---|---|---|---|
| THE HENDERSON GROUP<br>112 CHESLEY DRIVE STE 200<br>MEDIA, PA 19063-1762 | 170622<br>170820 | 10/08/2013<br>11/05/2013 | $10,461.15<br>$21,461.93 |
| | | | **$31,923.08** |
| THE NOURMAND LAW FIRM, APC<br>1801 CENTURY PARK EAST, STE 2600<br>LOS ANGELES, CA 90067 | 170655 | 10/08/2013 | $8,500.00 |
| | | | **$8,500.00** |
| TREPEL AIRPORT EQUIPMENT GMBH<br>HAGENAUER STRABE<br>42 65203 WIENSBADEN<br>GERMANY | WIRE | 11/30/2013 | $25,000.00 |
| | | | **$25,000.00** |
| UNITED AIRLINES<br>PO BOX 74694<br>CHICAGO, IL 60675-4694 | 170747 | 10/18/2013 | $12,201.58 |
| | | | **$12,201.58** |
| VOCI - VANCOUVER OIL<br>PO BOX 528<br>VANCOUVER, WA 98666 | 170768<br>170867 | 10/17/2013<br>11/13/2013 | $7,711.38<br>$4,408.89 |
| | | | **$12,120.27** |
| WENTZEL TRANSPORTATION<br>PO BOX 343<br>SYMRNA, DE 19977 | 170636<br>170749<br>170885<br>2507<br>2524 | 10/08/2013<br>10/22/2013<br>11/19/2013<br>12/20/2013<br>12/27/2013 | $5,060.00<br>$6,380.00<br>$12,000.00<br>$10,000.00<br>$10,000.00 |
| | | | **$43,440.00** |
| WORLD SERVICE CO<br>PO BOX 62225<br>HOUSTON, TX 77205 | 170641 | 10/07/2013 | $11,230.00 |
| | | | **$11,230.00** |

**Grand Total: 34**                            **$953,660.31**

# Statement of Financial Affairs - Exhibit 3c

## EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC.

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|----------------------|--------------|--------|-------------|
| EVERGREEN AGRICULTURAL ENTERPRISES, INC. | AFFILIATE | Various Dates | $8,826.35 | MONTH - SEP FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $810.05 | MONTH - APR FY13 NET INTERCOMPANY TRANSACTION |
| | | | **$9,636.40** | |
| EVERGREEN INTERNATIONAL AIRLINES, INC. | AFFILIATE | Various Dates | $176,808.93 | MONTH - NOV FY13 NET INTERCOMPANY TRANSACTION |
| | | | **$176,808.93** | |
| EVERGREEN INTERNATIONAL AVIATION, INC. | AFFILIATE | Various Dates | $1,319,629.27 | MONTH - MAY FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $994,658.45 | MONTH - JAN FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $589,315.44 | MONTH - SEP FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $542,280.35 | MONTH - JUN FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $458,639.36 | MONTH - JUL FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $359,913.56 | MONTH - AUG FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $328,795.70 | MONTH - OCT FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $214,495.06 | MONTH - MAR FY13 NET INTERCOMPANY TRANSACTION |
| | | Various Dates | $126,401.90 | MONTH - DEC FY12 NET INTERCOMPANY TRANSACTION |
| | | | **$4,934,129.09** | |
| EVERGREEN TRADE INC. | AFFILIATE | Various Dates | $24,274.76 | MONTH - OCT FY13 NET INTERCOMPANY TRANSACTION |
| | | | **$24,274.76** | |
| SAMUEL W. WRIGHT | PRESIDENT AND DIRECTOR | 08/12/2013 | $1,326.43 | EXPENSE REIMBURSEMENT |
| | | 10/08/2013 | $1,247.90 | EXPENSE REIMBURSEMENT |
| | | 11/07/2013 | $380.40 | EXPENSE REIMBURSEMENT |
| | | | **$2,954.73** | |

**Grand Total: 5**      **$5,147,803.91**