IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC.<br><br>        Debtor. | Chapter 7<br><br>Case No. 13-13361 (MFW) |
| In re:<br><br>EVERGREEN DEFENSE & SECURITY SERVICES, INC.<br><br>        Debtor. | Chapter 7<br><br>Case No. 13-13362 (MFW) |
| In re:<br><br>EVERGREEN INTERNATIONAL AIRLINES, INC.<br><br>        Debtor. | Chapter 7<br><br>Case No. 13-13363 (MFW) |
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC.,<br><br>        Debtor. | Chapter 7<br><br>Case No. 13-13364 (MFW) |
| In re:<br><br>EVERGREEN SYSTEMS LOGISTICS, INC.<br><br>        Debtor. | Chapter 7<br><br>Case No. 13-13365 (MFW) |

| | |
|---|---|
| In re: <br><br> EVERGREEN TRADE, INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 13-13366 (MFW) |
| In re: <br><br> SUPERTANKER SERVICES, INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 13-13367 (MFW) |

**MOTION OF ALFRED T. GIULIANO,
CHAPTER 7 TRUSTEE, FOR ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 7 CASES FOR PROCEDURAL PURPOSES ONLY**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee"), to the estates of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 7 cases for procedural purposes only. In support of this Motion, the Trustee submits the Declaration of Alfred T. Giuliano, attached hereto as Exhibit A. In further support of the Motion, the Trustee states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2

2.  The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

### Background

3.  On December 31, 2013 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code. Alfred T. Giuliano was appointed as the Trustee.

### Requested Relief

4.  By this Motion, the Trustee seeks entry of an order directing the joint administration of the chapter 7 cases and the consolidation thereof for procedural purposes only. The Trustee also requests that the caption of the chapter 7 cases be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., et al.[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered |

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

5. In addition, the Trustee requests that the Court direct the Clerk to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 13-13364 (MFW) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Evergreen Aviation Ground Logistics Enterprise, Inc., Case No. 13-13361 (MFW); Evergreen Defense & Security Services, Inc., Case No. 13-13362 (MFW); Evergreen International Airlines, Inc., Case No. 13-13363 (MFW); Evergreen Systems Logistics, Inc., Case No. 13-13365 (MFW); Evergreen Trade, Inc., Case No. 13-13366 (MFW); and Supertanker Services, Inc., Case No. 13-13367 (MFW).

6. Finally, the Trustee requests that the Court permit use of a combined service list and correspondingly combined notices.

**Basis for Relief**

7. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. *See* Fed. R. Bankr. P. 1015(b). Additionally, Rule 1015-1 of the Local Rules permits entry of such an order without notice or a hearing so long as the Trustee demonstrates that such treatment is warranted.

8. Joint administration is warranted in these chapter 7 cases because (a) the Debtors' financial affairs and business operations are closely related, (b) such administration will ease the administrative burden on the Court and other parties, and (c) joint administration will protect creditors from lurking conflicts of interest.

4

9.  With respect to the proximity of relations, the Debtors are under common ownership and management. They also share many creditors and parties in interest. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice. *See, e.g., In re Conexant Sys., Inc.*, Case No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (joint administering the cases of 5 affiliated debtor entities); *In re LCI Holding Co.*, Case No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012) (jointly administering the cases of 35 affiliated debtor entities; *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009) (jointly administering the cases of 31 affiliated debtor entities); *In re Source Interlink Cos.*, Case No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009) (jointly administering the cases of 18 affiliated debtor entities); *see also In re 38 Studios, LLC*, Case No. 12-11743 (MFW) (Bankr. D. Del. Aug. 7, 2012) (jointly administering the cases of 4 affiliated debtor entities in chapter 7 cases).

10.  The Trustee anticipates that numerous notices, applications, motions, other pleadings, hearings, and orders in these chapter 7 cases will affect all of the Debtors. With seven affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

11.  Joint administration will permit the Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of

5

the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 7 cases will be apprised of the various matters before the Court in all of these cases.

12. The Trustee requests that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth above.

13. The Trustee submits that use of the simplified caption, without reference in the caption to the additional Debtors and their states of incorporation, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights, nor shall such relief be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 7 cases by the Office of the United States Trustee also will be simplified.

## Notice

15. Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the

Debtors; (c) counsel to the Debtors' prepetition lenders; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

16.  No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only (b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and further relief is proper.

Dated: January 21, 2014

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Peter J. Keane
_____
Bradford J. Sandler (DE Bar No. 4142)
John W. Lucas (CA Bar No. 271038)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:    bsandler@pszjlaw.com
          jlucas@pszjlaw.com
          pkeane@pszjlaw.com

[Proposed] Counsel to Alfred T. Giuliano, Chapter 7 Trustee